UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LASONA MCKINNEY, <br><br>　　　　　　Plaintiff, <br><br>　v. <br><br>CHICAGO TRANSIT AUTHORITY, <br><br>　　　　　　Defendant. | Case No. 20 C 6093 <br><br>Magistrate Judge Sunil R. Harjani |

**MEMORANDUM OPINION AND ORDER**

　　　　Before the Court is Plaintiff's Motion to Bar Witness Lennie [*sic*] Romano from Testifying about Purpose or Use of Noose [126] at trial. The parties have consented to this Court's jurisdiction and trial is scheduled for January 23, 2023. The Court has considered the parties' briefing and their argument at the final pretrial conference. For the following reasons, the Court denies Plaintiff's motion.

**STATEMENT**

　　　　Plaintiff Lasona McKinney is a current CTA employee, where he has worked as an electrician for over five years. In this lawsuit, McKinney alleges that CTA created a hostile work environment based on race and in retaliation for his complaints of race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 et seq. The Court detailed the relevant factual background in its prior opinion deciding CTA's motion for summary judgment and will not repeat that background here except as necessary. *See* June 23, 2022 Opinion (Doc. 80). Relevant here, McKinney's current complaint alleges, among other things, that "a noose was left at his place of work." Doc. 32, ¶ 10. At summary judgment, McKinney submitted a picture of the noose/rope he allegedly found at the electrical box he was sent to inspect at the 54th Street Rail shop on July 16, 2020. Doc.70-1 at 23. The Court found that a reasonable jury could conclude that the rope McKinney allegedly found at the 54th Street Rail shop was in the shape of a noose. Doc. 80 at 31 n. 38.

　　　　After the Court denied CTA's summary judgment motion on June 23, 2022, the Court set a jury trial for January 23, 2023 with motions *in limine* due by December 2, 2022 and the proposed final pretrial order due December 9, 2022. Doc. 92. On November 9, 2022, the Court granted Plaintiff's Motion to Strike Defendant CTA's Amended Rule 26(a)(1) Disclosure of Witness Jason Brown and precluded him from testifying at trial regarding "his inspection of the rope at the 54th Street garage, what the rope is used for and who uses the rope." Doc. 102. On December 9, 2022, the parties filed their proposed pretrial order. Doc. 108. In Defendant's Trial Brief, Defendant states, "The CTA will put forth evidence to support that the rope Plaintiff identifies as a noose, has been used by CTA as a pulley for tools." *Id*. at 112.

　　　　CTA's December 9, 2022 statement in its trial brief prompted McKinney to object at the

pretrial conference. In response, CTA clarified that testimony concerning the noose/rope would come from witness Lenny Romano. McKinney argues that Romano should be barred from testifying about the purpose or use of the noose because Romano was never identified as a witness with knowledge of the noose or what it was used for, and because this Court should apply the same analysis it did in precluding Brown's testimony on the subject of the noose. McKinney asserts that due to a lack of disclosure, McKinney had no notice that he needed to depose Romano or take other discovery on the subject. CTA responds that Roman was disclosed as a witness nearly two years ago, the subjects of his testimony were identified in the initial disclosures, and they met their obligations under Rule 26.

Federal Rule of Civil Procedure 26(a)(1)(A) requires a party to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26(a)(1)(A) "does not require a non-expert witness to submit in advance of trial what testimony he or she may offer." *Mossberger v. Kochheiser*, 2016 WL 2593359, at *4 (N.D. Ill. May 5, 2016); *compare* Fed. R. Civ. P. 26(a)(2)(C)(ii) (requiring "a summary of the facts and opinions to which the witness is expected to testify" for expert witnesses), *with* Fed. R. Civ. P. 26(a)(1)(A)(i) (requiring identification of "each individual likely to have discoverable information— along with the subjects of that information—that the disclosing party may use to support its claims or defenses"). As reflected in the rule, all that is required is a disclosure of the subject matter of the information, not even a summary and certainly not details about that witness's information.

On January 28, 2021, Romano was disclosed in CTA's initial Rule 26(a)(1) disclosure, which included the following:

> **Lenny Romano**, General Manger [*sic*], CTA
> Can be contacted through the Defense Attorneys in this matter.
> McKinney made a complaint of discrimination based on his race. He will testify about the facts and circumstances around what was found.
> He will testify about working conditions, overtime, assignments, assignment of vehicles and the treatment of employees without regard to race

Doc. 126-1 at 1. On September 21, 2022, over a year after discovery closed,[1] CTA served its amended Rule 26(a)(1) disclosures, which included the following regarding Romano:

> **Lenny Romano**, General Manger [*sic*], CTA
> Can be contacted through the Defense Attorneys in this matter.
> McKinney made a complaint of discrimination based on his race. He will testify about the facts and circumstances around what was found.
> He will testify about working conditions, overtime, assignments, assignment of vehicles and the treatment of employees without regard to race. He will also testify about his background and experience.

---

[1] Fact discovery closed on August 6, 2021. Doc. 38.

2

Doc. 126-2 at 1-2.

*First*, CTA's disclosure for Romano is sufficient. Here, CTA disclosed Romano in its initial and amended disclosures. *Compare* Doc. 126-1 at 1, *with* Doc. 126-2 at 1-2. Romano was disclosed as an individual with information concerning the following relevant subjects: (1) Plaintiff's complaint of discrimination based on his race; (2) the facts and circumstances around what was found; and (3) working conditions. Doc. 126-1 at 1; Doc. 126-2 at 1-2.

The first subject—Plaintiff's complaint of discrimination based on his race—put McKinney on notice that Romano could discuss McKinney's discrimination complaint.[2] The second subject—the facts and circumstances around what was found—gave McKinney notice that Romano might testify regarding the facts and circumstances around the findings of the complaint of discrimination based on race. CTA now states that Romano will "testify about the facts and circumstances of these complaints and what the CTA's investigations found." *Id*. One of McKinney's complaints of race discrimination and retaliation has always been the alleged placement of a noose at a worksite that he was assigned to. CTA's current explanation about Romano's trial testimony matches the disclosures that CTA provided for Romano. As required by Rule 26(a)(1)(A), CTA adequately disclosed Romano with the subjects of the information that he may use. Fed. R. Civ. P. 26(a)(1)(A)(i).

Turning to the third subject, CTA's disclosure concerning "working conditions" is sufficient for Romano to testify in the manner CTA proposes. Again, Rule 26(a)(1) requires a disclosing party to provide an individual's subject of information, not a summary. Fed. R. Civ. P. 26(a)(1)(A)(i). Here, CTA explains that Romano will testify to seeing the rope that Plaintiff asserts was a noose, his use of the rope performing work at the 54th Street Rail Shop as an HVAC technician, and the common uses for the rope. Doc. 134 at 5-6. A discussion of working conditions includes the workplace's physical, environmental, and operational features. In this case, Romano's testimony will discuss what he considers a common feature in his workplace—a rope used as a pulley. Thus, this disclosure is also sufficient.

Even if the disclosure was insufficient, at least one court in this district has concluded that at this late stage in litigation, the alleged failure to include the subject of information does not merit sanction. *Zingerman v. Freeman Decorating Co.*, 2003 WL 22057032, at *2 (N.D. Ill. Sept. 3, 2003), *aff'd*, 99 F. App'x 70 (7th Cir. 2004). There, the court explained, "[it] is not a complicated case. It does not require expert testimony and the subject matter is not obscure. It's employment discrimination, not rocket science." *Id*. In this case, McKinney will have amble opportunity to cross-examine Romano at trial on a straightforward subject matter. Nor is this issue surprising to anyone. It has always been a question of fact as to whether the rope is a noose designed to harass McKinney, or a rope with a loop knot that is used in the workplace at a CTA site. It is a question for the jury to decide at the trial.

*Second*, the circumstances applicable to this Court's analysis for Romano are unlike those before the Court when it considered the amended disclosures to include a new witness (Jason Brown) after fact discovery had closed, and post-summary judgment. This motion does not

---

[2] Plaintiff's own disclosure includes a barebone set of subjects that he might provide testimony on, not a comprehensive summary of every complaint of discrimination he allegedly suffered nor all possible avenues of testimony. *See* Doc. 134 at 2. Frankly, if the Court accepted Plaintiff's argument here, it would also have to bar certain portions of Plaintiff's own testimony.

concern a newly added witness, which the Court previously explained to be highly prejudicial. *See* November 9, 2022 Opinion (Doc. 102). Instead, the present motion concerns a witness that McKinney has been aware of since January 28, 2021, nearly two years before the date set for trial. Contrary to the situation with Brown, CTA timely disclosed Romano during discovery.

It is important to recall that Rule 26(a)(1) is only the first step in identifying people and their information; it is not a substitute for particularized discovery. *See, e.g.*, *Biggart v. Vibra Hosp. of Springfield, LLC*, 2020 WL 1271580, at *2 (C.D. Ill. Mar. 17, 2020) (holding defendant's disclosure statements met Rule 26(a)(1)(A)'s requirements, and plaintiff "will need to conduct discovery to secure more detailed information."). To the extent McKinney required clarification of any specific subjects in the disclosure, he could have issued interrogatories asking for further detail. More importantly, McKinney could have deposed Romano to flesh out his testimony, but he chose not to. While McKinney contends he does not know specifically what Romano will testify to about the rope, McKinney does not know what Romano's testimony will be about *any* subject, because he chose not to take his deposition prior to trial. Ultimately, the choice not to depose Romano was a strategic decision made by Plaintiff's counsel, a decision that cannot now be remedied through a motion to bar specific testimony. *See Est. of Brown v. Thomas*, 771 F.3d 1001, 1006 (7th Cir. 2014) ("Deposing a witness is optional."). Indeed, Plaintiff's counsel deposed witnesses with similar disclosures to those that CTA provided for Romano. For example, Robert Schack's initial disclosure included the following: "He will testify about working conditions, overtime, assignments, assignment of vehicles and the treatment of employees without regard to race." Doc. 126-1 at 2. Shack's disclosure included less detail than the disclosure put forward for Romano, yet Plaintiff's counsel chose to depose Shack in preparation for trial, and not Romano. Doc. 65-2 at 205-213.

In sum, CTA complied with Rule 26(a)(1)(A). Because the Court finds that CTA complied with the Rule, no Rule 37 analysis is required. Accordingly, Plaintiff's Motion to Bar Witness Lennie [*sic*] Romano from Testifying about Purpose or Use of Noose [126] is denied.

**SO ORDERED.**

Dated: January 20, 2023

_____
Sunil R. Harjani
United States Magistrate Judge